## METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. RICHMOND PASSENGER & POWER CO. et al.

(District Court, E. D. Virginia. October 28, 1920.)

**Equity ⬅114—Right to intervene barred by laches.**

Leave to bondholders to file petitions of intervention to raise the question of diversion of assets by the mortgagor and other questions of administration of the property denied on the ground of laches, where application was not made until some 18 years after commencement of the suit in which their interests were represented by the trustee in the mortgage securing their bonds and more than 10 years after sale of the property had been made and confirmed.

In Equity. Suit by the Metropolitan Trust Company of the City of New York against the Richmond Passenger & Power Company and others. On application of the Bankers' Trust Company, executor, and others, for leave to file petitions of intervention. Application denied.

Mann & Tyler, of Norfolk, Va., William Hodges Mann & Son, of Petersburg, Va., and Charles C. Deming, of New York City, for petitioners.

Munford, Hunton, Williams & Anderson, of Richmond, Va., for defendants.

WADDILL, District Judge. This cause is now before the court, having been submitted some time since, upon objections of the Virginia Railway & Power Company, owners of the property heretofore acquired at the sale under foreclosure proceedings, in the several causes, consolidated and heard together, under the name of Bowling Green

Trust Co. v. Virginia Passenger & Power Co. to the filing in said causes, upon giving due notice thereof, of the petitions of Thomas C. O'Connor and others, and of the Bankers' Trust Company, executor, etc., duly presented to the court; the purpose and object of said petitions being to enable the petitioners to intervene in said cause, and contest the court's administration of the trust estate, and to trace certain alleged diversions of the trust property, claimed to have been diverted from the Richmond Passenger & Power Company to the Virginia Passenger & Power Company.

The conclusions of the court on the application to file said petitions, and the objections thereto, are as follows:

First. That said petitioners should not be allowed to file their petitions, and intervene in said cause and in said consolidated cause, because of the failure to assert their said several claims within a reasonable time after their rights accrued.

Second. The several petitioners are specially barred, by laches, from asserting the claims now interposed by them, because of their relation to and obvious knowledge of the pendency of this suit, and of the progress made in the same, which should have admonished them of their obligation to make known their intention to assert and prosecute their claims at an earlier date. The bill of the Metropolitan Trust Company, the trustee under the mortgage under which the bonds of the petitioners were secured, was filed on the 26th day of November, 1904. By said bill, the amendments thereto, and other pleadings filed in connection therewith, the questions now sought to be set up anew were fully and elaborately covered. The decree of reference under this and the other bills in the consolidated cause, and upon the pleadings, was entered on the 10th day of March, 1905.

After proceeding with the inquiries before the special master, for some two years, the Metropolitan Trust Company, trustee, on the 14th of March, 1907, presented its petition, and asked for further time within which to take testimony in support of its bill and the averments of its petition, setting forth other and further alleged diversions and causes of action. Over objection of counsel representing all the other interests generally, the master, on the 28th day of March, 1907, granted the request for time, which action the court, on the 4th day of May, 1907, approved to the extent of allowing 65 days' extension, and denied the right to file said petition, among other reasons, because of the delay in presenting the same. The cause was then, for some months, proceeded with before the master. On the 4th of June, 1909, the trustee under the mortgage declined to further prosecute said cause as trustee, leaving to the parties in interest, the right, if they saw proper, to take action in their own behalf. From that time, now more than 11 years, these petitioners have delayed presenting the petitions they now offer, and in the court's view they should not now be entertained.

Third. That, as well from the terms of the opinion of the Circuit Court of Appeals, to which this cause was heretofore taken by the petitioner Charles Hall Davis, as from the spirit of the decision, it was not the purpose and intention of that court to decide more than that

the case should remain upon the court docket, for the purpose of enabling the petitioner Davis to assert his claim, and to show the alleged diversion of assets, and his right of priority to payment of the amount due him as a preferred lienor, from the amounts realized, and not to enable persons generally, or others claiming to be similarly situated, to assert their claims.

Fourth. The effort of the petitioners to avoid the effect of their failure to assert their rights within a reasonable time seems largely based upon their averment that they were entitled to the benefit of the petition allowed by the court to be filed by Davis, and in which he averred that he sued for the benefit of himself, and others similarly situated, who would come in and share in the costs of the proceedings. They claim to be of that class. This position, under the facts of this case, is not well taken, in the judgment of the court. It is true that the petitioner Davis did in his petition state that the same was in behalf of himself and others similarly situated, who would come in and share in the cost of the proceedings. With the possible exception of this mere formal averment, nothing was heard, so far as this court is advised, of any attempt, effort, or purpose on the part of these petitioners, or any one of them, to assert their claims, along with that of the petitioner Davis. So far from doing so, the petitioner Davis endeavored to prosecute the suit in his own behalf in in forma pauperis proceedings, without suggestion or intimation that persons other than himself were interested in, sharing the expense of, or otherwise engaged in, the conduct of the litigation.

Fifth. The petitioner Davis filed his petition on the 12th day of March, 1910. The decree of sale was entered on the 24th of October, 1908, and the order confirming the sale on the 30th day of June, 1909. Thus some 18 months after the decree of sale, and nearly a year after the confirmation of sale in the foreclosure proceedings, he asserted his claim to 71 mortgage debenture bonds of $1,000 each, now of the aggregate amount of $129,175.62 as of the 31st day of December, 1919, and he was subsequently granted permission to contest the question of whether or not there had been a diversion of assets to the prejudice of the debenture bondholders. The master to whom the cause was referred has, on the Davis petition, recently reported that assets were diverted for a sum more than sufficient to pay his bonds.

To allow petitioners, who hold 168 of these debenture bonds, of the aggregate value now of $319,000, to assert their claims more than 10 years after the acquisition of the property by its present owners, in the foreclosure proceedings, and in effect to surcharge and contest the receiver's accounts, and assail the administration of the trust estate during the 5½ years the same was under the control of the court, and some 2 years previous thereto, to wit, from June 18, 1902, thus reaching back a period of 18 years, the alleged diversion as of the 31st of December, 1919, being averred to be $1,991,299.34, would seem grossly unfair and unjust, and almost inevitably result in working a serious wrong to the great body of the litigants interested in the administration of the trust estate, and especially to the present owners of the property. This, the court believes, should not be done,

and the Circuit Court of Appeals, in its action on the Davis petition, never for a moment contemplated such action.

An order denying the right of the petitioners to file the said several petitions will be entered on presentation.